**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| DAVID SMITH, ADAM SHEEDY, PATRICK LEE BERRY, DALLAS BODILY, CORY BYRD, RORY CAFFREY, JEFF DAVIS, MARC GEER, NICKI CHRISTINE GEER, CHRIS GILES, WAYLON HUNT, JOHN JOLLEY, ERIC JIMERSON, WES KELLEY, KEN MARTINEAU, KRISTOPHER D. MENDEL, CLYDE OSBORNE, JASON SANDERFER, MARCUS THOMAS, and JARED TUCKER, individually and on behalf of others similarly situated | PLAINTIFFS |
| v.           No. 4:09CV00679 JLH | |
| FRAC TECH SERVICES, LTD. | DEFENDANT |

**OPINION AND ORDER**

The plaintiffs bring this collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, on behalf of themselves and all other employees of Frac Tech Services, Ltd., who are classified by Frac Tech as salaried employees but in reality are not exempt from the overtime requirements of the FLSA. Frac Tech has filed a motion to transfer this action to the Northern District of Texas, Abilene Division, pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

It is undisputed that the Northern District of Texas is a district in which this action might have been brought. The issue, then, is whether for the convenience of parties and witnesses, in the interest of justice, this court should transfer the action to that district. The defendant seeking to transfer has the burden of proving why the case should be transferred. *Salinas v. O'Reilly Automotive, Inc.*, 358 F. Supp. 2d 569, 570 (N.D. Tex. 2005). A case should be transferred when a transfer would make it

substantially more convenient for the parties and witnesses. *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 589 (E.D. Tex. 2006).

Considerations as to whether a case should be transferred include the convenience of the parties and the convenience of the witnesses, the accessibility of records and documents, as well as the location where the conduct complained of occurred. *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 696 (8th Cir. 1997); *Salinas*, 358 F. Supp. 2d at 570-71. In analyzing whether the interest of justice indicates that the action should be transferred, the court may consider, among other things, the relative congestion of the calendars of the respective courts, the plaintiff's choice of forum, the comparative costs to the parties of litigating in each forum, and each party's ability to enforce a judgment. *Terra*, 119 F.3d at 696; *Salinas*, 358 F. Supp. 2d at 570-71.

The declaration of Lianne Sterkel, Vice President of Human Resources for Frac Tech, states that Frac Tech is an oil field services company providing well-stimulation services for oil and gas producing companies. It is a partnership formed under the laws of the State of Texas. It has its corporate office and principal place of business in Cisco, Eastland County, Texas. Its officers reside in Eastland County, Texas, which is within the Abilene Division of the Northern District of Texas. Three of its four managers reside in the Northern District of Texas, and the other resides in the State of Oklahoma. Frac Tech has district offices in Gainesville, Texas; Aledo, Texas; Longview, Texas; Odessa, Texas; Bryan/Hearne, Texas; Parachute, Colorado; Vernal, Utah; Greeley, Colorado; Bossier City, Louisiana; McAlester, Oklahoma; Artesia, New Mexico; Washington, Pennsylvania; and Conway, Arkansas.

The plaintiffs are or were service supervisors for Frac Tech. During the three years preceding this lawsuit, Frac Tech employed 77 service supervisors, which is to say that there are 77 potential

members of the collective action. Of those 77, 45 reside in the state of Texas. Seventy-one of the 77 reside outside the state of Arkansas. Sterkel's declaration does not say where in Texas the 45 service supervisors live, nor where other potential members of the collective action live.

Sterkel's declaration also says that there are several former managers and supervisors who have relevant information, and that the majority of those reside in the state of Texas. Of the 813 employees currently employed by Frac Tech, 416 reside and work in the state of Texas, whereas 81 reside in the state of Arkansas.

The second amended complaint brings this action on behalf of 20 named plaintiffs, as well as others similarly situated. Six of the named plaintiffs reside in Arkansas; five in Texas; four in Louisiana; two in Colorado; two in Pennsylvania; and one in Oklahoma.

It undoubtedly would be more convenient for the defendant to litigate this case in the Northern District of Texas than in the Eastern District of Arkansas. "A case should not be transferred, however, simply to shift the burden of inconvenience from the defendant to the plaintiff." *Salinas*, 358 F. Supp. 2d at 572.

The six Arkansas plaintiffs live in Faulkner County, which places them within 30 or 40 miles of Little Rock, so obviously it would be more convenient for them to litigate here than in Abilene. It appears that the four plaintiffs who reside in Louisiana also are closer to Little Rock than to Abilene. The five Texas plaintiffs all reside in eastern Texas. Four of them appear to live closer to Little Rock than to Abilene. One of them appears to be as close to Little Rock as to Abilene. The one plaintiff in Oklahoma is closer to Little Rock than to Abilene. The two plaintiffs in Pennsylvania and the one in Colorado obviously will have to travel a substantial distance to attend trial whether the trial takes place in Little Rock or in Abilene.

The fact that more former employees of Frac Tech reside in Texas than in Arkansas suggests that there may be more potential witnesses in Texas than in Arkansas, but it does not show that it will be more convenient for the nonparty witnesses to conduct the trial in Abilene than in Little Rock. A defendant seeking transfer ordinarily must identify the key witnesses and outline the substance of their testimony. *Salinas*, 358 F. Supp. 2d at 572. Frac Tech has not done that here. Frac Tech has not identified any nonparty witness who actually will be called to testify, nor explained what he would say. Instead, it has stated that the majority of the former employees of the company reside in Texas, but whether any of those former employees will actually testify remains to be seen. The length of the respective witness lists is not necessarily dispositive. *Ray Mart*, 435 F. Supp. 2d at 591. In some cases, the circumstances may be such that it is obvious that critical nonparty witnesses will be called to testify and that many or most of those nonparty witnesses reside in a particular locale, so this issue can be decided without more specific information. *Cf. Guenther v. Cooper Life Sciences, Inc.*, 1988 WL 131340, *3-*4 (D. Minn. 1988). Here, however, the central issue will be whether the job duties of a service supervisor for Frac Tech are such that service supervisors qualify as exempt employees under the FLSA. It is not apparent to the Court that nonparty witnesses will be necessary on that issue. If nonparty witnesses are called to testify, it is impossible to say at this point from whence they will come. Presumably, any former employee who has worked with Frac Tech's service supervisors could describe the job duties of that position, so there is no apparent reason why that evidence would not be available from witnesses in Arkansas, Louisiana, Oklahoma, or eastern Texas. In this instance, that there are more potential witnesses in Texas than in Arkansas does not show that it would be more convenient for this litigation to proceed in Abilene than in Little Rock.

Frac Tech also says that a majority of the documents that will be needed as evidence are located in its headquarters in Texas, but the plaintiffs correctly point out that in this day and age the physical location of documents is not a substantial consideration in determining the most convenient location for trial.

As far as the interest of justice is concerned, the Court can see no substantial difference as to whether the case is tried in Abilene or Little Rock. The law that will be applied is the same. Although the parties cite statistics regarding the number of cases pending in each district per judge and the length of time that it takes for a case to be decided in each district, there is no apparent reason to believe that either district could handle the case more efficiently or more fairly than the other.

Finally, the parties disagree as to the weight that should be given to plaintiffs' choice of forum. Some cases hold that plaintiffs' choice of forum should be given little weight in a FLSA collective action, whereas other cases hold that the opt-in provision in collective actions suggests that Congress intended to give plaintiffs considerable control over that question. *See Salinas*, 358 F. Supp. 2d at 571. Here, it is not necessary to decide that dispute. Even if the plaintiffs' choice of forum is given relatively little weight, the Court does not believe that Frac Tech has met its burden of proving that it will be substantially more convenient to litigate in the Northern District of Texas than in the Eastern District of Arkansas.

Whether this case proceeds in the Eastern District of Arkansas or the Northern District of Texas, a good bit of travel will be involved. The Court is not convinced that transferring this case to Abilene will substantially reduce the overall inconvenience or promote the interest of justice.

Therefore, the motion to transfer is DENIED. Document #10.

IT IS SO ORDERED this 7th day of October, 2009.

                                                   /s/ J. Leon Holmes
                                                   J. LEON HOLMES
                                                   UNITED STATES DISTRICT JUDGE