**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DAVID SMITH and ADAM SHEEDY, individually　　　　　　　　　　　　PLAINTIFFS
and on behalf of others similarly situated

v.　　　　　　　　　　　　　　　No. 4:09CV00679 JLH

FRAC TECH SERVICES, LTD.　　　　　　　　　　　　　　　　　　　　DEFENDANT

## ORDER

The plaintiffs have filed a motion for partial summary judgment on the issue of liability and have attached to their motion several affidavits. The defendant has responded by requesting a continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure so that discovery can be conducted before the Court rules on the motion for partial summary judgment. The defendant has presented an affidavit specifying the discovery that it needs before responding on the merits to the motion for partial summary judgment. The plaintiffs argue that discovery is not necessary because all of the information relevant to the issues in the motion for partial summary judgment is in the possession of the defendant.

Discovery does not need to be complete before summary judgment can be granted. *Pony Computer, Inc. v. Equus Computer Systems of Missouri, Inc.*, 162 F.3d 991, 996 (8th Cir. 1998). However, summary judgment is proper only if the nonmoving party has had adequate time. *Id.*, citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Here, the Rule 26(f) conference has not been held, initial disclosures have not been provided, and no discovery has been conducted. Although plaintiffs are correct that much of the information needed to respond to the motion for partial summary judgment is in the possession of the defendant, and although the plaintiffs are also correct that conducting discovery from the plaintiffs' subsequent

employers seems irrelevant to the issues in the motion for partial summary judgment, nevertheless the defendant is entitled to conduct some discovery before being forced to respond to a motion for summary judgment, including taking the depositions of some or all of the persons whose affidavits have been filed in support of the motion for partial summary judgment.

Therefore, the motion for partial summary judgment is denied as premature. Document #20. The motion for continuance is denied as moot. Document #41. The denial of the motion for partial summary judgment is without prejudice to the right of the plaintiffs to renew that motion after the defendant has had adequate opportunity to conduct discovery.

IT IS SO ORDERED this 28th day of October, 2009.

/s/ J. Leon Holmes
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE