IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

DAVID SMITH, ADAM SHEEDY,
PATRICK LEE BERRY, DALLAS BODILY,
CORY BYRD, RORY CAFFREY, JEFF
DAVIS, MARC GEER, NICKI CHRISTINE
GEER, CHRIS GILES, WAYLON HUNT,
ERIC JIMERSON, JOHN JOLLEY, WES
KELLEY, KEN MARTINEAU, KRISTOPHER
D. MENDEL, CLYDE OSBORNE, JASON
SANDERFER, MARCUS THOMAS, JARED
TUCKER, INDIVIDUALLY AND ON BEHALF
OF OTHERS SIMILARLY SITUATED                                PLAINTIFFS

V.                         NO. 4:09-CV-0679 JLH

FRAC TECH SERVICES, LTD                                      DEFENDANT

## AGREED PROTECTIVE ORDER

WHEREAS, during the course of this Litigation, the Parties or others may voluntarily produce, or be required to produce in discovery, documents and information which constitute trade secrets or other confidential and proprietary information, or which are otherwise confidential or of a personal nature to the Parties or employees or former employees of the Parties:

THEREFORE, it is hereby stipulated and agreed by and between the Parties to the Litigation, through their respective attorneys, as follows:

### DEFINITIONS

1. The terms defined in Paragraph 1 shall have the meaning provided. Defined terms may be used in the singular or plural.

    1.1 **"Producing Party"** means the Party or person who produces or who is asked to produce documents or information that the Party or person considers to be Confidential or Highly Confidential.

1.2 **"Receiving Party"** means the Party receiving or requesting the production of documents or information designated as Confidential or Highly Confidential.

1.3 The **"Litigation"** means the lawsuit captioned above, including all discovery proceedings, hearings, preparation and pre-trial, trial and post-trial activities related thereto.

1.4 **"Litigation Documents"** means all pleadings, motions, affidavits and related papers, answers to interrogatories, all documents produced or exchanged in the course of discovery, settlement negotiations, trial preparation or trial, and all transcripts of testimony given in depositions, in hearings or at trial in connection with the Litigation.

1.5 The **"Parties"** shall mean the Parties to the Litigation: Plaintiffs David Smith and Adam Sheedy and all employees and former employees of Frac Tech who have or will opt in to this lawsuit and Defendant Frac Tech Services, Ltd.

1.6 **"Non-party"** shall mean any entity or individual that is not a party to the Litigation.

## CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION

2. The terms Confidential Information and Highly Confidential Information shall have the meaning provided below.

2.1 **"Confidential Information"** means all information, whether or not embodied in a document or other physical medium, which the Producing Party believes in good faith lends to it a competitive advantage over others who do not possess such information, as well as confidential, private or personal information relating to any individual Party or employee or former employee of the Party, which the Producing Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence. The contents of all employee or former employee personnel files shall be deemed Confidential Information and subject to this Agreement, whether or not so marked or otherwise specifically designated. Confidential Information includes any data, summary, abstract, compilation, or information obtained, derived, or generated from Confidential Information.

2.2 **"Highly Confidential Information"** means all information, whether or not embodied in a document or other physical medium, which the Producing Party believes in good faith contains or reflects proprietary information, trade secrets or competitive or commercial information of a sensitive nature that disclosure to another party or an employee or officer of such other party may cause competitive injury. Highly Confidential

Information includes any data, summary, abstract, compilation, or information obtained, derived, or generated from Highly Confidential Information.

### INSPECTION OF CONFIDENTIAL INFORMATION

3. Each person to whom Confidential Information is disclosed or made available, including experts or consultants retained by one or more of the Parties, shall be advised of the existence and the contents of this Order and shall agree in writing to be bound by its terms and conditions (collectively "Protective Agreements"). Counsel for the Receiving Party shall maintain the Protective Agreements throughout the course of this litigation and shall provide copies of same to the Court and the Producing Party upon request if there are specific questions about potential violations of or compliance with this Protective Order and/or any Protective Agreement by an identifiable individual who has been given the opportunity to review Confidential Information or Highly Confidential Information produced in this litigation by any party. None of the Parties, however, shall be obligated to disclose the identity of any of their "Consulting Experts" to any of the other Parties.

4. Confidential Information may only be inspected by or revealed to the following persons:

    a. The Court, Court personnel, court reporters reporting during deposition or trial testimony, jury and/or mediator (without executing any written Protective Order Agreement);

    b. Counsel of record for the Parties in this Litigation, including regular employees who provide assistance for purposes of discovery, preparation for trial, and/or trial of this case as a part of their regular duties, as well as persons or agents employed by them and/or under contract with said attorneys' of record (without executing any written Protective Order Agreement);

    c. In-house counsel for the Parties;

    d. A Party and one designated representative of a named party who is an entity who is directly involved in the handling and/or administration of the

    Litigation or who, in the good faith judgment of the Party's counsel, need to have access to Confidential Information for a legitimate Litigation need. Each party's counsel shall take reasonable steps to assure that Confidential Information is not disclosed to corporate employees who have no legitimate Litigation need for Confidential Information ;

e Independent experts retained by the Parties in connection with the Litigation who have a legitimate need to review such Confidential Information for purposes of this Litigation;

f. Witnesses or potential witnesses who have authored or reviewed the Confidential Information with whom the Parties' attorneys deem it necessary to discuss such material in the course of discovery and/or preparation for trial; and

g. Any other person who is designated to receive Confidential Information by Order of Court or agreement of the parties.

### INSPECTION OF HIGHLY CONFIDENTIAL INFORMATION

5 Each person to whom Highly Confidential Information is disclosed or made available, including experts or consultants retained by one or more of the Parties, shall first be advised of the existence and the contents of this Order and shall agree in writing by signing a Protective Agreement to be bound by the terms and conditions of this Protective Order. Counsel for the Receiving Party shall maintain the Protective Agreements throughout the course of this Litigation and shall provide copies of same to the Court and the Producing Party upon request if there are specific questions about potential violations of or compliance with this Protective Order and/or a corresponding Protective Agreement by an identifiable individual who has been given the opportunity to review Confidential Information or Highly Confidential Information produced in this Litigation by any Party. None of the Parties, however, should be obligated to disclose the identity of any of their "consulting experts" to any of the other Parties.

6. Highly Confidential Information may only be inspected by or revealed to the following persons:

a. The Court, Court personnel, court reporters reporting during deposition or trial testimony, jury and/or mediator (without executing any written acknowledgment);

b. Counsel of record for the Parties in this Litigation, including regular employees who provide assistance for purposes of discovery, preparation for trial, and/or trial of this case as a part of their regular duties, as well as persons or agents employed by them and/or under contract with said attorneys' of record (without executing any written acknowledgment); or representatives of the parties who, in counsel of record's good faith opinion, need to review the information for the prosecution or defense of claims asserted in the Lawsuit;

c. In-house attorneys for each of the parties; and

d. Independent experts such as accountants retained by the Parties in connection with the Litigation, who have a legitimate need to review such Highly Confidential Information for purposes of this Litigation.

## USE OF CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION

7. All Confidential Information and Highly Confidential Information shall be used solely for the purposes of this Litigation and as permitted by and subject to this Protective Order. Under no circumstances may Confidential Information or Highly Confidential Information be used for non-Litigation purposes, or in any matter, controversy, mediation, arbitration, or litigation now pending or later filed other than the Litigation.

8. No Party or person shall make or permit the making of more copies of any Confidential Information than are reasonably necessary to conduct settlement negotiations, discovery or litigation relating to the matters referenced herein.

9. No Confidential Information or Highly Confidential Information shall be filed in an open Court file associated with this Litigation or any other action. The Court shall determine, at a later date and with consultation of the Parties counsel, how to address the admission of Confidential Information and Highly Confidential Information in open Court proceedings.

## DESIGNATION OF CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION

10. The Producing Party shall clearly mark or designate in writing any Litigation Document to be treated as Confidential Information or Highly Confidential Information under the terms of this Protective Order. With regard to documents and answers to interrogatories, such designation shall be made at the time that such answers are served or at the time that copies of documents are delivered or made available for inspection. Documents or information produced by the parties or testimony given in the above-styled and numbered action without initially being designated as Confidential Information or Highly Confidential Information may be retroactively designated by written notice designating each document by either (i) Bates number or page number or (ii) other identifying character of the information or testimony. Retroactively designated material shall be treated as Confidential Information or Highly Confidential Information from the date written notice of the designation is received.

11. Any Party may designate all or any portion of testimony given at a deposition, or documents attached as exhibits to a deposition, as Confidential Information or Highly Confidential Information by indicating on the record at the deposition that the testimony is Confidential Information or Highly Confidential Information. Further, all deposition transcripts (for depositions taken after the submission of this Protective Order to the Court) shall be deemed Confidential Information for ten (10) business days after their receipt by counsel for each of the Parties, during which time the Producing Party may designate information contained in the transcript as Highly Confidential Information by notifying counsel for the Parties in writing of any specific pages and lines of the transcript which contain Confidential Information or Highly Confidential Information. The Producing Party will act in good faith designating information as Confidential Information or Highly Confidential Information, and any dispute regarding said designation will be resolved in accordance with the provisions of Paragraph 14 herein.

12. Persons may be deposed regarding Confidential Information or Highly Confidential Information of which they have knowledge. In the event any Confidential Information is to be used or discussed in a deposition, any Party or the deponent shall have the right to exclude from attendance during such portions of the deposition involving Confidential Information any person other than the deponent and the persons defined in paragraph 4. In the event any Highly Confidential Information is to be used or discussed in a deposition, the Producing Party shall have the right to exclude from attendance during such portions of the deposition involving Highly Confidential Information any person other than the deponent, counsel for record for the Parties, the court reporter and the persons defined in paragraph 6.

13. Any document or testimony that is designated as Confidential Information or Highly Confidential Information which is revealed by or included in any discovery proceeding (whether formal or informal and whether in the form of depositions, transcripts, discovery answers, or document production) or in any hearing, motion, pleadings, affidavits, briefs or other documents submitted to this Court during pretrial matters, shall be subject to this Protective Order. Confidential Information or Highly Confidential Information included as part of any pleading, memorandum, or other submission shall be filed in sealed envelopes or other containers on which shall be endorsed the title of this action, a general indication of the nature of the contents, and the words "Confidential Information" or "Highly Confidential Information" (depending on the situation) and "Subject to a Protective Order" and shall be filed directly with the Judge as though submitted for in camera review. Subject to further Order of the Court, nothing herein shall prevent the use of Confidential Information or Highly Confidential Information at hearing or trial. The Court will hear motions for the closure of limited portions of the hearings or trial of this matter should any Party deem such closure necessary. Before

discussing the substance of any Confidential Information or Highly Confidential Information at a hearing or trial, the party intending to use or introduce such information into evidence must first notify the Court and counsel for the other Parties. No Party shall disclose the substance of Confidential Information or Highly Confidential Information in open Court until the Producing Party has been given the opportunity to object or take the necessary measures to safeguard the confidentiality of such information and obtain a ruling from the Court. There shall be no mention to the Jury of the fact of designation under this Protective Order of a document, court paper, or testimony as Confidential Information or Highly Confidential Information. Any documents shown to the jury will not have any Confidential Information or Highly Confidential Information markings placed on such documents during this Litigation.

### OBJECTION TO DESIGNATION

14. Any dispute arising under this Protective Order shall be submitted to the Court for resolution. If any Party disagrees with the designation of any information as Confidential Information or Highly Confidential Information, the material so designated shall nonetheless be treated as such unless and until the Producing Party agrees or the Court orders that the Confidential Information or Highly Confidential Information designation shall be removed.

### DISSEMINATION

15. Any Party may disclose its own Confidential Information or Highly Confidential Information to any person at any time without complying with the provisions of this Protective Order.

### RETURN OF DISCOVERY MATERIAL

16. Within thirty (30) days after the final termination of this Litigation, whether by settlement, judgment, or decision on appeal, all originals and copies of Confidential Information

or Highly Confidential Information shall be returned to the Producing Party, together with all documents containing data or information obtained, derived, or generated therefrom. The Producing Party shall retain such information for a period of five (5) years after the conclusion of this Litigation. In the alternative, the Receiving Party may provide counsel for the Producing Party with a certification attesting that the Confidential Information or Highly Confidential Information has been destroyed, together with all documents containing data or information obtained, derived, or generated therefrom.

17. If any Confidential Information or data obtained, derived, or generated therefrom, is sought through discovery from the Receiving Party by any party in any other judicial or administrative proceeding or otherwise, the Receiving Party agrees to immediately notify Producing Party so as to permit the Producing Party to seek a protective order from the appropriate court or take other appropriate action.

### NO WAIVER

18. Nothing in this Protective Order shall be construed as a waiver by any Party of its right to object to the subject matter of any discovery request made in this action. The execution of this Protective Order shall not be construed as an agreement by any Party to produce any document or supply any information, and shall not constitute an admission that any designated material is relevant in any way to the issues raised in the Litigation or as a waiver of any privilege with respect thereto. Nothing contained in this Order and no designation as Confidential Information or Highly Confidential Information shall be construed as a finding (preliminarily or otherwise) that any information designated by or protected by this Order does or does not constitute confidential, proprietary, or trade secret information.

19. Neither the provisions of this Protective Order nor any disclosure by a Party pursuant to this Protective Order shall constitute a waiver at any time, or in any litigation relating to the matters referenced herein or otherwise, of any attorney/client privilege, work product doctrine, or any other privilege offered by the Federal Rules of Evidence or Federal Rules of Civil Procedure.

20. No use by any Party of any Confidential Information or Highly Confidential Information or documents or any information contained therein or derived therefrom shall abrogate any of the provisions of this Protective Order with respect to such Confidential Information or Highly Confidential Information or documents or any information contained therein or derived therefrom.

**IT IS SO ORDERED**

SIGNED this 11th day of December, 2009.

*J. Leon Holmes*
_____
PRESIDING JUDGE

**AGREED:**                             Respectfully submitted,

By: /s/ Bruce Munson
BRUCE MUNSON, BAR NO. 78118
SARAH E. GREENWOOD, ABN 2003089
Attorneys for Defendant
HUCKABAY, MUNSON, ROWLETT & MOORE
400 West Capitol Avenue, Suite 1900
Little Rock, AR 72201
501/374-6535
bruce.munson@hmrmlaw.com
sarah.greenwood@hmrmlaw.com

and

Marshall Searcy
Texas State Bar No. State Bar No. 17955500
Russell D. Cawyer
Texas State Bar No. 00793482
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
817/332-2500
russell.cawyer@khh.com
marshall.searcy@khh.com
KELLY HART & HALLMAN LLP

**AGREED:**                             By: /s/
JOHN T. HOLLEMAN, BAR NO. 91056
RICHARD CHRIS MADISON, BAR NO. 2005123
MARYNA O. JACKSON, BAR NO. 2009111
Attorneys for Plaintiffs
HOLLEMAN & ASSOCIATES, P.A.
200 West Capitol Avenue, Suite 1620
Little Rock, AR 72201
Telephone: (501) 975-5040

and

Josh Sanford, Bar No.: 2001037
SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 400
Little Rock, AR 72211
Telephone: (501) 221-0088

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

DAVID SMITH, ADAM SHEEDY,
PATRICK LEE BERRY, DALLAS BODILY,
CORY BYRD, RORY CAFFREY, JEFF
DAVIS, MARC GEER, NICKI CHRISTINE
GEER, CHRIS GILES, WAYLON HUNT,
ERIC JIMERSON, JOHN JOLLEY, WES
KELLEY, KEN MARTINEAU, KRISTOPHER
D. MENDEL, CLYDE OSBORNE, JASON
SANDERFER, MARCUS THOMAS, JARED
TUCKER, INDIVIDUALLY AND ON BEHALF
OF OTHERS SIMILARLY SITUATED                                PLAINTIFFS

V.                              NO. 4:09-CV-0679 JLH

FRAC TECH SERVICES, LTD                                     DEFENDANT

## PROTECTIVE ORDER AGREEMENT

I, _____ , hereby represent that I have been advised of the existence and the contents of the Agreed Protective Order between the Parties in Cause No. CV-08-41123, styled as *DAVID SMITH, ADAM SHEEDY, PATRICK LEE BERRY, DALLAS BODILY, CORY BYRD, RORY CAFFREY, JEFFDAVIS, MARC GEER, NICKI CHRISTINE GEER, CHRIS GILES, WAYLON HUNT, ERIC JIMERSON, JOHN JOLLEY, WES KELLEY, KEN MARTINEAU, KRISTOPHER D. MENDEL, CLYDE OSBORNE, JASON SANDERFER, MARCUS THOMAS, JARED TUCKER, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED v. FRAC TECH SERVICES, LTD.*, pending before the United States District Court of the Eastern District of Arkansas (the "Litigation").

I further represent that I understand the terms and obligations of the Agreed Protective Order and voluntarily agree to comply with and be bound to its terms and conditions.

My signature below confirms the Receiving Party has not provided me with any access to information designated by the Producing Party as Confidential Information or Highly Confidential Information before signing this Protective Order Agreement. I hereby tender the original version of this Protective Order Agreement to counsel for the Receiving Party who shall maintain the same throughout the course of this Litigation.

I further acknowledge and understand that copies of this Protective Order Agreement may be produced to the Court and the Producing Party upon request if there are specific questions about potential violations of or compliance with the Agreed Protective Order or this Protective Order Agreement.

Executed this ____, day of _____, 20__.

_____
Signature

_____
Printed Name