IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVID SMITH, *et al.*, individually                                              PLAINTIFFS
and on behalf of others similarly situated

v.                                Case No. 4:09CV00679 JLH

FRAC TECH SERVICES, LTD.                                                      DEFENDANT

## OPINION AND ORDER

The plaintiffs have filed a motion to join "Field Engineers" in a collective action and to approve notice to them. For the following reasons, that motion is granted.

The Court has already entertained a motion to join in a collective action three different categories of employees of Frac Tech Services, Ltd.: Service Supervisors, Field Coordinators, and Field Engineers. In a November 24, 2009 opinion and order, the Court adopted the standard set forth in *Freeman v. Wal-Mart Stores, Inc.*:

> [T]he relevant inquiry is whether the members of the proposed class are similarly situated. Plaintiff bears the burden of establishing that he is similarly situated with the class he wishes to represent. The plaintiff's burden is not heavy and may be met by making substantial allegations of class-wide discrimination that are supported by affidavits. Plaintiff need not show that his position is or was identical to the putative class members' positions; a class may be certified under the FLSA if the named plaintiff can show that his position was or is similar to those of the absent class members. However, unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden.

*Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003) (internal citations omitted). Because the plaintiffs' Fair Labor Standards Act claim against Frac Tech hinges on the nature of the duties performed, the Court noted that a plain reading of the plaintiffs' complaint and motion for collective action showed that they were in actuality seeking certification as to all employees who were classified as salaried employees but in reality were entitled to overtime

compensation under the FLSA. The Court thus found that this case was more similar to the cases of *Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265 (M.D. Ala. 2004), *Smith v. Tradesmen Int'l, Inc.*, 289 F. Supp. 2d 1369 (S.D. Fla. 2003), and *Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216 (D. Conn. 2003).

The Court granted certification of a collective action for Service Supervisors but not for other employment categories or positions. At that time, the plaintiffs had submitted affidavits from nine Service Supervisors, two Field Coordinators, and one Field Engineer. According to the affidavits, the Service Supervisors resided in different geographic locations and had almost identical job responsibilities. They also alleged that they were the victims of a single decision, policy, or plan: Frac Tech's categorizing all Service Supervisors as exempt from FLSA overtime pay requirements. Thus, the Court found that the plaintiffs had met their lenient burden of showing that Service Supervisors were similarly situated for purposes of certifying a collective action. As to Field Engineers and Field Coordinators, the Court found that the plaintiffs failed to make a sufficient showing that they performed similar respective duties. The two Field Coordinator affidavits were insufficient to show that all other Coordinators in all other geographic locations performed similar duties; the one Field Engineer affidavit was insufficient to show that all other Engineers were similarly situated.

Now the plaintiffs move for a collective action as to the Field Engineers, submitting in support ten affidavits from Field Engineers, along with eight affidavits of Service Supervisors who worked with and observed the work of Field Engineers.[1]

---

[1] The plaintiffs filed a fourth amended complaint on January 22, 2010, in which they include additional Field Engineers, bringing the total number of employees in that category to eleven.

In its opposition brief, Frac Tech again relies on *Rite Aid*, *Tradesman International*, and *Safeco*. The Court previously relied on those cases in holding that the plaintiffs did not meet their burden of showing that all salaried Frac Tech employees could be joined in a collective action because the plaintiffs had not met their burden of showing that all salaried employees were similarly situated. However, the reasoning in those decisions, which the Court discussed in its previous order, did not preclude the Court from concluding that the plaintiffs met their lenient burden of showing that all Service Supervisors were similarly situated. In the same vein, those three cases do not preclude certification of a collective action for Field Engineers, based on the newly presented affidavits from Engineers who worked in each state in which Frac Tech has offices.

Frac Tech's opposition is essentially based on an argument that the Field Engineers' affidavits are unreliable. Frac Tech says that "no new information is provided to the Court through the affidavits because they are basically copies of the one provided previously by Nicki Greer."[2] Frac Tech says that the affidavits are filled with conclusory statements, insofar as they do not provide sufficient evidence showing that the affiants have real familiarity with the job duties performed by Field Engineers in other locations. Frac Tech cites to *Fife v. Harmon*, 171 F.3d 1173 (8th Cir. 1999), and *Berg v. Norand Corp.*, 169 F.3d 1140 (8th Cir. 1999). Neither of those cases support the contention that the plaintiffs' affidavits in this case are insufficient to meet the plaintiffs' lenient burden to show that they are similarly situated for purposes of preliminary certification as a collective action. In *Fife*, the Eighth Circuit was reviewing a district court's grant of summary judgment in favor of the plaintiffs. In support of their motion for summary judgment, the plaintiffs

---

[2] Nicki Greer was the one Field Engineer who submitted an affidavit in the plaintiffs' first motion for a collective action.

had submitted affidavits asserting that they "do not customarily or regularly exercise discretionary powers or independent judgment." The court characterized the affidavits as conclusory. Because there was conflicting evidence, and because the parties' credibility was in doubt, the court concluded that issues of fact remained for trial. *Fife*, 171 F.3d at 1176. In *Berg*, the Eighth Circuit was again reviewing a grant of summary judgment, this time in favor of the employer. The employee submitted a conclusory affidavit in support of her wage discrimination claim, asserting that male managers had jobs "equal" to hers. The male managers included many different disciplines, leading the court to conclude that the plaintiff failed to indicate how she was similarly situated to them. Thus, she failed to establish a prima facie case of wage discrimination. *Berg*, 169 F.3d at 1145-46.

The Court has carefully reviewed the affidavits; they are not duplicates of the affidavit of Nicki Greer nor of one another. Although the information in them overlaps and some of the language is duplicated, each affidavit contains sufficient individualized information to insure that each affidavit is stating that affiant's experience, not simply signing a carbon copy of someone else's affidavit. Each affidavit includes a conclusory statement as to how many Field Engineers worked for Frac Tech nationally and that their duties nationally were substantially the same. Those conclusory statements will be disregarded. What is left when those conclusory statements are disregarded are the personal observations of ten Field Engineers and eight Service Supervisors. The ten Field Engineers were primarily assignment to the following districts: Colorado, Pennsylvania, Louisiana, Arkansas, Aledo, Odessa, and Bryan/Hearne, Texas—eight of the eleven districts in which Frac Tech had district offices.[3] In addition, the Field Engineers at times worked in other

---

[3] According to Exhibit T to Frac Tech's motion, in the recent past Frac Tech had offices in Aledo, Bryan/Hearne, Longview, and Odessa, Texas; Arkansas; Colorado; Louisiana; New Mexico; Oklahoma; Utah; and Pennsylvania. Document #134-3 at 73.

4

districts. The assignments outside the Field Engineers' primary place of employment included assignments in Oklahoma; Colorado; Louisiana; New Mexico; Pennsylvania; Arkansas; Utah; and Longview, Aledo, Bryan/Hearne, and Odessa, Texas. The Service Supervisors who have submitted affidavits were primarily assigned to Arkansas, Oklahoma, and four Texas districts. They also worked outside their primary place of employment at various places in Texas, as well as Colorado, Arkansas, Utah, Louisiana, and Pennsylvania. Taken together, the eighteen affidavits include personal observations from every state in which Frac Tech had an office and every district, or nearly every district, in which Frac Tech had an office. The affiants consistently observed that the duties of Frac Tech Field Engineers were substantially similar in the various districts. The fact that Frac Tech could and did consistently send Field Engineers to work in districts other than their home district is further evidence that the duties of Field Engineers were substantially similar throughout the country.

At this initial notice stage, the plaintiffs' burden is lenient, and the key issue is whether the members of the proposed class are similarly situated. *Freeman*, 256 F. Supp. 2d at 945. To determine whether employees are similarly situated, a district court considers several factors, including the following: (1) whether the plaintiffs hold the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices; and (5) the extent to which the acts constituting the alleged violations are similar. *Stone v. First Union Corp.*, 203 F.R.D. 532, 542-43 (S.D. Fla. 2001). At the notice stage, the Court does not make credibility determinations or resolve contradictory evidence. *In re Pilgrim's Pride Fair Labor Standards Act Litigation*, 2008 WL 4877239, at *3 (W.D. Ark. Mar. 13, 2008).

Based on factors enumerated above, the Court concludes that certification of a Field Engineers collective action is appropriate. The plaintiffs submitted affidavits from Field Engineers and Service Supervisors who worked in all or nearly all of the geographic locations in which Frac Tech has offices. The timeframes in the affidavits cover the period from 2006 to the present. The affidavits describe the same policies and practices with respect to the duties assigned to Field Engineers and how they were compensated. The acts constituting the alleged violations are all similar. The affidavits support the conclusion that all Frac Tech Engineers performed substantially the same or similar job duties. The evidence viewed *in toto* is sufficient to meet the plaintiffs' lenient burden of showing Frac Tech Field Engineers are similarly situated for purposes of obtaining conditional certification.

The plaintiffs' motion to join in a collective action a class consisting of Frac Tech Field Engineers is GRANTED. Document #134. The Court hereby conditionally certifies a class of Frac Tech Field Engineers as a collective action pursuant to 29 U.S.C. § 2161(b).

The plaintiffs have also moved for approval of a notice to be sent to the class of Field Engineers. The proposed notice is attached to the motion. Document #134-3 at 74-77. The proposed notice is substantially similar to the notice previously approved by the Court and is hereby approved. The deadline for Field Engineers to file consents to participate in this collective action will be April 6, 2010.

IT IS SO ORDERED this 26th day of February, 2010.

                                                                                J. LEON HOLMES
                                                                                UNITED STATES DISTRICT JUDGE