**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DAVID SMITH, *et al.*                                                                                          PLAINTIFFS

v.                                              No. 4:09CV00679 JLH

FRAC TECH SERVICES, LTD.                                                                               DEFENDANT

**ORDER**

The plaintiffs have filed a motion to quash subpoenas issued to non-parties for personnel files of the various plaintiffs. The plaintiffs object that some of the subpoenas are outside the state of Arkansas and more than 100 miles from the place specified for the document production. The plaintiffs also object that the subpoenas are unreasonably harsh, oppressive, and not calculated to lead to the discovery of admissible evidence. The defendant argues that the plaintiffs lack standing to challenge the subpoenas. They also argue that the subpoenas are calculated to lead to the discovery of admissible evidence and are not harsh or oppressive.

First, the plaintiffs do have standing to challenge the issuance of these subpoenas. Ordinarily a party has no standing to seek to quash a subpoena issued to a non-party unless the objecting party claims some personal right or privilege with regard to the documents sought. 9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2459 (3rd ed.: 2008). An individual has a personal right to challenge a subpoena issued to an employer for that individual's personnel file. *Richards v. Convergys Corp.*, 2007 WL 474012 (D. Utah Feb. 7, 2007); *Johnson v. Guards Mark Security*, 2007 WL 1023309 (N.D. Ohio Mar. 31, 2007).

The subpoenas issued out of this district to out-of-state companies are improper and must be quashed. *See* Fed. R. Civ. P. 45(b)(2) and (c)(3).

The defendant has stated a legitimate reason for believing that at least some of the employment files may have information that could be relevant in the case. Therefore, the subpoenas are reasonably calculated to lead to the discovery of admissible evidence. The subpoenas do not appear to be harsh or oppressive.

For the reasons stated above, the motion to quash is GRANTED IN PART and DENIED IN PART. Documents #192 and #194. The Court orders that defendant provide to counsel for the plaintiffs copies of all documents received pursuant to these subpoenas and that all such documents be treated as confidential information within the meaning of the agreed protective order entered in this case on December 11, 2009.

IT IS SO ORDERED this 1st day of September, 2010.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE