**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS**

**DAVID SMITH, et al**                                                                              **PLAINTIFFS**
**INDIVIDUALLY AND ON BEHALF OF
OTHERS SIMILARLY SITUATED**

**vs.**                         **Case No. 4:09-CV-0679 JLH**

**FRAC TECH SERVICES, LTD**                                                     **DEFENDANT**

**BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER AS TO THE APPLICATION
OF THE FLUCTUATING WORKWEEK METHOD**

**I.  INTRODUCTION**

On January 11, 2011, this Court entered an Order granting Defendant's Motion for Summary Judgment as to the Application of the Fluctuating Workweek Method, holding that the fluctuating workweek method is the proper method of calcualting damages in this case.[1] On April 5, 2011, the Department of Labor issued a final rule addressing the application of the fluctuating workweek method to employees who receive bonuses as part of their compensation.[2]

Plaintiffs recognize that the deadline for filing motions in this case has passed, however, the Federal Register containing final rules issued just this week substantially affects the rights of the plaintiffs in this case.  Therefore, Plaintiffs believe it is their obligation to bring it to the Court's attention.  Plaintiffs assert that a plain reading of the discussion included in the Federal Register on this issue necessitates this Court reversing its Order of January 11, 2011, as to the application of the fluctuating workweek method to all Plaintiffs.

---

[1] Order (Doc. 358) (01/11/2011).

[2] Federal Register, Vol. 76, No. 65, Tuesday, April, 5, 2011 attached hereto as Exhibit A.

1

Plaintiffs acknowledge that this case has now been divided into multiple groups for trial purposes and that the service supervisor plaintiffs and field coordinator plaintiffs are not part of a collective action and therefore are proceeding individually with their causes of action. However, the Court's initial ruling on the fluctuating workweek method did not analyze each plaintiff individually, and Plaintiffs do not believe it is necessary to engage in individual analysis of the plaintiffs for the purposes of this motion. Each of the plaintiff's claims are based on the fact that they were misclassified as exempt employees under the Fair Labor Standards Act (FLSA). It is undisputed that each of the remaining plaintiffs in this case was paid a salary and in addition to their salary received bonuses as part of their compensation from Defendant.

## II. ARGUMENT

Plaintiffs raised the issue of bonuses as conflicting with the application of the fluctuating workweek in their Response to Motion for Summary Judgment as to the Application of the Fluctuating Workweek Method.[3] Defendant did not respond to this argument, or mention bonus payments anywhere in its Reply.[4] In revisiting this issue in light of the Federal Register released this week, it has become clear to Plaintiffs that the bonuses were clearly non-discretionary. Therefore, the bonuses not only preclude application of the fluctuating workweek method of

---

[3] Response to Defendant's Motion for Partial Summary as to the Application of the Fluctuating Workweek Method (Doc. 294) (10/14/2010).

[4] Reply to Plaintiffs' Response to Motion For Partial Summary Judgment as to the Application of the Fluctuating Work Week Method (Doc. 304) (10/18/2010).

calculating damages, but also must also be included in determining each plaintiff's regular rate for purposes of computing the overtime rate of each plaintiff.

### 2.1. The payment of bonuses is inconsistent with the fluctuating workweek method.

One of the requirements for application of the fluctuating workweek method is that employees must receive a fixed weekly salary regardless of the number of hours worked. It is undisputed that Plaintiffs received bonuses in varying amounts each month. Therefore, they were not paid a fixed salary, precluding the application of the fluctuating workweek.

A. <u>Federal Register Vol. 76, No. 65, Tuesday, April, 5, 2011.</u>

The Wage and Hour Division of the Department of Labor (DOL) promulgates regulations to enforce the provisions of the Fair Labor Standards Act. Volume 76, No. 65 of the Federal Register published on April 5, 2011, included a final rule that made changes to 29 C.F.R. § 778.114, the regulation that governs the fluctuating workweek. The revised rule does not go into effect until May 5, 2011. However, the final rule on the fluctuating workweek was substantially unchanged from the rule currently in effect. It is not the changes to the rule itself that affect the rights of the plaintiffs in this case, but rather the discussion of the reason the DOL chose not to change the language of the rule, and is therefore applicable to the rule as it applies in this case. The proposed changes to the rule would have permitted the payment of bonuses along with application of the fluctuating workweek by employers. Ultimately, the DOL concluded as follows:

> While the Department continues to believe that the payment of bonus and premium payments can be beneficial for employees in many other contexts, we have concluded that unless such payments are

>overtime premiums, they are incompatible with the fluctuating workweek method of computing overtime under section 778.114.[5]

The discussion issued along with the revised final rule in the Federal Register explicitly states that payment of bonuses to employees is inconsistent with the fluctuating workweek method as set out at 29 C.F.R. § 778.114.

The Court made clear in its Order that the basis for applying the fluctuating workweek as a method of calculating damages in misclassification cases does not derive from 29 C.F.R. § 778.114, but rather from the Supreme Court's decision in *Overnight Motor Transport Co., Inc. v. Missel*.[6] Although the discussion in the Federal Register was for purposes of changing the regulation, the reasoning applies equally to *Missel* and the cases that followed. In fact, the DOL noted that the regulation is patterned on the Supreme Court's decision in *Missel*, and explicitly tied its decision to leave the rule unchanged back to *Missel*, stating:

>...the Department now believes that the proposed regulation would have been inconsistent with the requirement of a fixed salary payment set forth by the Supreme Court in *Overnight Motor Transport v. Missel*.[7]

In fact, the DOL noted that the comments it received in response to the notice of the proposed rule "generally asserted that the proposed revisions are inconsistent with the Supreme Court's decision in *Missel*."[8] The payment of a fixed salary is a requirement under both the regulation and *Missel*. If the payment of bonuses is inconsistent with the fixed salary requirement under the regulation, it

---

[5] Federal Register, Vol. 76, No. 65, Tuesday, April, 5, 2011, page 18850.

[6] 316 U.S. 572 (1942).

[7] Federal Register, Vol. 76, No. 65, Tuesday, April, 5, 2011, page18850.

[8] *Id* at 18849.

is also inconsistent with the fixed salary requirement under *Missel*. Where the employees were not paid a fixed salary, the fluctuating workweek method cannot be applied pursuant to the regulation, nor pursuant to *Missel*.

### B. Discretionary vs. Nondiscretionary Bonuses

Plaintiffs acknowledge that in the section of their Response addressing the payment of bonuses as being inconsistent with the fluctuating workweek method, they stated that the job bonuses paid to Plaintiffs were discretionary. The Court noted in a footnote in its Order of January 11, 2011, that "there is evidence that some or all of the plaintiffs received discretionary bonuses from time to time, but there is no evidence that Frac Tech was contractually obligated to pay bonuses." Regardless of whether the bonus payments were discretionary or non-discretionary, the fact that each Plaintiff's compensation varied from month to month as a result of bonus payments precludes application of the fluctuating workweek. The discussion in the Federal Register of bonus payments as inconsistent with the fluctuating workweek does not delineate between discretionary or nondiscretionary bonuses. Nor do the cases cited in the Federal Register and relied on by Plaintiffs in their Response distinguish between discretionary and non-discretionary bonuses.

Even if the Court determines that only nondiscretionary bonuses are inconsistent with the fluctuating workweek method, in revisiting this issue in light of the Federal Register released this week, it has become apparent to Plaintiffs that the bonuses paid to Plaintiffs were clearly non-discretionary as defined by the federal regulations. The FLSA divides bonuses into two categories: discretionary and non-discretionary. Discretionary bonuses are sums paid in recognition of services performed during a given period if: (1) both the fact that the payment will be made and the amount of payment are determined at the sole discretion of the employer, and (2) the payment is not made

5

pursuant to any prior contract, agreement or promise causing the employee to expect such payment regularly.[9] Such discretionary bonuses are *not* included in the employee's regular rate of pay and therefore have no effect on the employee's overtime compensation.

Nondiscretionary bonuses are bonuses which the employer contracts, agrees or makes a promise to pay. Examples of nondiscretionary bonuses from the regulations include bonuses that are announced to employees to induce them to work more steadily, more rapidly or more efficiently; bonuses to remain with the employer; attendance bonuses; individual or group production bonuses; and bonuses for quality and accuracy of work.[10] Nondiscretionary bonuses must be included along with other earnings to determine an employee's regular rate on which overtime pay must be computed.[11]

Defendant paid individuals employed as Field Engineers, Field Coordinators and Service Supervisors bonuses for each job performed so long as certain criteria were met. In Plaintiffs' Response, they included deposition testimony from Plaintiff Dallas Bodily explaining that as a Service Supervisor he would receive bonuses for each job "if nothing went wrong."[12] Also attached to Plaintiffs' Response was a payroll summary sheet for Mr. Bodily created by Defendant of the break down of his "earnings" for calendar year 2008, showing that in addition to his salary, his earning included job bonuses.[13]

---

[9] 29 U.S.C. § 207(e)(3)(a); 29 C.F.R. § 778.211.

[10] *See* 29 C.F.R. § 778.211(c).

[11] 29 C.F.R. § 778.211.

[12] *See* Exhibit A to Plaintiffs' Response to Defendant's Motion for Summary Judgment as to the Application of the Fluctuating Workweek Method (Doc. 294) (10/14/2010).

[13] *See* Exhibit B to Plaintiffs' Response to Defendant's Motion for Summary Judgment as to the Application of the Fluctuating Workweek Method (Doc. 294) (10/14/2010).

In the course of discovery in this case, Defendant has produced thousands of pages of payroll documents reflecting similar payments of "job bonuses" to each of the plaintiffs. Plaintiffs do not anticipate that Defendant will dispute that such job bonuses were paid to Plaintiffs, and therefore is not at this time attaching documentation for each and every plaintiff.

Attached hereto as Exhibit A is a letter from Defendant to Plaintiff David Smith outlining the terms of his compensation. The letter states that in addition to his salary, Mr. Smith is to receive "[d]aily job bonuses when all Quality parameters are achieved 100%."[14] This clearly shows that the bonuses were paid pursuant to a "promise causing the employee to expect such payment regularly," and were "for quality and accuracy of work," therefore they do not qualify as discretionary bonuses.[15]

Because the bonuses paid to Plaintiffs were clearly non-discretionary, not only do they preclude application of the fluctuating workweek method of calculating damages, but must also be included in determining each plaintiff's regular rate for purposes of computing the overtime rate of each plaintiff.

**2.2.   The cases cited by the Court in the January 11, 2011, Order do not involve bonuses.**

The Court relied on three Eighth Circuit cases in its Order granting Defendant's Motion for Summary Judgment as to Application of the Fluctuating Workweek Method. All of those cases are distinguishable from this case because none of those cases addressed a situation where the

---

[14] *See* Exhibit B attached hereto.

[15] 29 C.F.R. § 778.211.

employees received bonuses as part of their compensation. Rather, they involved situations where the employee was paid a fixed weekly salary. In *Anderson et al. v. Federal Cartridge Corporation*,[16] in determining that the fluctuating workweek was the appropriate method for calculating damages of a misclassified employee the court stated:

> It appears that there was no hourly rate provided by the parties in their contract of employment, and that there was a fixed weekly salary paid for variable or fluctuating hours. In such circumstances, the rate for the purpose of computing overtime is determined by dividing the weekly salary paid by the actual hours worked in any given week.[17]

Neither Defendant nor the Court has cited an Eighth Circuit case applying the fluctuating workweek method of calculating damages to misclassification cases involving employees who received bonuses as part of their compensation. As the DOL noted in the Federal Register, there is case law to support the position that payment of bonuses is inconsistent with application of the fluctuating workweek method. In fact, the Federal Register states:

> These commenters also took issue with the statement in the NPRM that the current regulation has presented challenges in courts, asserting that courts applying the fluctuating workweek method of payment have uniformly concluded that paying additional "non-overtime" premiums violates section 779.114. *See* NELA (citing *O'Brien v. Town of Agawaym*, 350 F.3d 279 (1st Cir. 2003); *Dooley v. Liberty Mutual Ins. Co.*, 369 F.Supp.2d 81 (D. Mass. 2005); *Ayers v. SGS Control Services, Inc.*, 2007 WL 646326 (S.D.N.Y. 2007), SIEU, AFL-CIO, NELP, Members of the United States Congress and North Carolina Justice Center.[18]

---

[16] 156 F.2d 681 (8th Cir. 1946).

[17] *Id* at *685.

[18] Federal Register, Vol. 76, No. 65, Tuesday, April, 5, 2011 at page18850.

The holdings of two of these cases, *Ayers v. SGS Control Services, Inc.*,[19] and *Adeva v. Intertek USA*,[20] were discussed in Plaintiffs' Response, and there is no need to revisit those decisions here.

### III. CONCLUSION

The DOL's comments in the Federal Register issued only 3 days ago make it abundantly clear that employers may not chose to pay their employees under the fluctuating workweek method as set out in 29 C.F.R. § 778.114 if the employees also receive bonuses as part of their compensation. The same reasoning applied by the DOL to reach this conclusion applies to the application of the fluctuating workweek as a method of calculating damages in misclassification cases under *Missel*. In fact, the DOL explicitly stated that in promulgating the final rule its goal was to give effect to the requirements set forth by the Supreme Court's ruling in *Missel*. Plaintiffs' respectfully request that in light of this new legislative authority the Court reconsider its ruling of January 11, 2011, as to the applicability of fluctuating workweek as the method of calculating damages in this case.

WHEREFORE, Plaintiffs ask that the Court grant their Motion for Reconsideration as to the Application of the Fluctuating Workweek Method and enter an Order denying Defendant's Motion for Summary Judgment as to the Application of the Fluctuating Workweek Method, in its entirety, and for all other just and proper relief to which they may be entitled.

---

[19] 2007 U.S. Dist. LEXIS 76539 (S.D.N.Y. October 9, 2007) (holding that premium "sea payments" for working off shore and for working on scheduled days off violated the requirement of Section 778.114 that the fixed amount of straight time pay not vary.)

[20] 2010 U.S. Dist. LEXIS 1963 (D. N.J. January 11, 2010) (holding that because the plaintiffs' compensation for non-overtime hours varied depending upon earned offshore pay, holiday pay or day-off pay, the fixed salary requirement was not met.)

Respectfully submitted,

HOLLEMAN & ASSOCIATES, P.A.
200 West Capitol Avenue, Suite 1620
Little Rock, AR 72201
Telephone: (501) 975-5040
Facsimile:  (501) 975-5043

By: /s/ John T. Holleman
John T. Holleman, ABN 91056
jholleman@johnholleman.net
Maryna O. Jackson, ABN 2009111
maryna@johnholleman.net
Amber R. Schubert, ABN 2009150
amber@johnholleman.net

## CERTIFICATE OF SERVICE

I, John T. Holleman, hereby certify that a true and correct copy of the foregoing document was filed via the CM/ECF system, this the 8th day of April, 2011, and that the foregoing shall send notification of such filing to the following:

Sarah Greenwood, sarah.greenwood@hmrmlaw.com

Bruce Munson, bruce.munson@hmrmlaw.com

Ashleigh Dale Phillips, ashleigh.phillips@hmrmlaw.com

Mark Steven Breeding mark.breeding@hmrmlaw.com

Jane Marie Yocum jane.yocum@hmrmlaw.com

By: /s/ John T. Holleman
John T. Holleman