IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVID SMITH, *et al.*                                                                            PLAINTIFFS

v.                                       No. 4:09CV00679 JLH

FRAC TECH SERVICES, LLC                                               DEFENDANT

**OPINION AND ORDER**

The plaintiffs have moved for reconsideration of the Court's order as to the application of the fluctuating work week method, contending that the Department of Labor's recently published final rule concerning Part 4 of Title 29 of the Code of Federal Regulations unequivocally establishes that the fluctuating work week method of calculating damages may not be used where employees receive varying bonuses. Alternatively, the plaintiffs argue that bonuses paid by Frac Tech were nondiscretionary, and that the payment of such bonuses is inconsistent with the use of the fluctuating work week method. Frac Tech contends that judicial estoppel prevents the plaintiffs from arguing that bonuses were nondiscretionary. For the following reasons, the plaintiffs' motion will be granted in part and denied in part.

**A.**     **The Department of Labor's New Final Rule**

Recently, the Department of Labor issued a final updating the regulations issued under the Fair Labor Standards Act. Updating Regulations Issued Under the Fair Labor Standards Act, 76 Fed. Reg. 18,832 (Apr. 5, 2011). The plaintiffs contend that, although the Department of Labor decided not to amend section 778.114—the regulation concerning the fluctuating work week method—nevertheless, the Department's explanation for its decision clearly settles whether bonuses are compatible with the fluctuating work week method. The plaintiffs recognize that the Court's holding was not based on the Department of Labor's regulation but rather on the Supreme Court's

holding in *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 62 S. Ct. 1216, 86 L. Ed. 1682 (1942).[1] *Missel*, not section 778.114, is the source of authority for calculating damages based on the fluctuating work week method. *See Urnikis-Negro v. Am. Family Prop. Servs.*, 616 F.3d 665, 675-79 (7th Cir. 2010). Nonetheless, the plaintiffs contend that the Department's new final rule is relevant because it interprets *Missel*'s holding. Specifically, the Department states that it "now believes that the proposed regulation would have been inconsistent with the requirement of a fixed salary payment set forth by the Supreme Court in *Overnight Motor Transport v. Missel*." Updating Regulations Issued Under the Fair Labor Standards Act, 76 Fed. Reg. 18,850. The proposed regulation would have permitted "the payment of non-overtime bonuses and incentives without invalidating the guaranteed salary criterion required for the half-time overtime pay computation." *Id*. at 18,848.

As the plaintiffs recognize, only the Department of Labor's interpretation of *Missel* offered in its final rule—not anything in its regulations—is relevant to the instant case. *See Christensen v. Harris Cnty.*, 529 U.S. 576, 587, 120 S. Ct. 1655, 1663, 146 L. Ed. 2d 621 (2000) ("Of course, the framework of deference set forth in *Chevron* does apply to an agency interpretation contained in a regulation. But in this case the Department of Labor's regulation does not address the issue [in dispute.]"). The Department's interpretation of *Missel* is not binding on the Court. Further, although the Department's interpretation of its regulations may be due some deference, *see*, *e.g.*, *Fast v. Applebee's Intern., Inc.*, 638 F.3d 872, 879 (8th Cir. 2011), the Court "owes no deference to an

---

[1] *superseded on other grounds by statute as stated in Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 n.22, 105 S. Ct. 613, 625 n.22, 83 L. Ed. 2d 523 (1985).

agency's interpretation of a Supreme Court decision." *Rosillo-Puga v. Holder*, 580 F.3d 1147, 1169 n.10 (10th Cir. 2009) (Lucero, J., dissenting).

Furthermore, the Department of Labor's reasoning is unconvincing. *Missel* requires only an employment contract "for a weekly wage with variable or fluctuating hours[.]" *Missel*, 316 U.S. at 580, 62 S. Ct. at 1221. Nothing in *Missel* prohibits the use of the fluctuating work week method for calculating damages whenever an employer gives a bonus to an employee. A bonus given wholly at the discretion of the employer cannot be said to affect the mutual understanding between the employer and the employee that the employee's fixed salary comprises his entire compensation. Tellingly, courts have calculated damages using the fluctuating work week method in cases where employees received bonuses. *Clements v. Serco, Inc.*, 530 F.3d 1224, 1226 (10th Cir. 2008) (applying the fluctuating work week method even though the employer paid commission in addition to the base salary); *Brown v. Nipper Auto Parts and Supplies, Inc.*, No. 7:08CV521, 2009 WL 1437836, *6-7 (W.D. Va. May 21, 2009) ("The court finds these bonuses are discretionary and therefore not part of [the employee]'s regular rate of pay . . ." and holds that the first three elements of the fluctuating work week are established but not the last two elements); *Lance v. Scotts Co.*, No. 045720, 2005 WL 1785315, *2 (N.D. Ill. July 21, 2005) (applying the fluctuating work week method even though the employer paid commissions in addition to a salary); *Cash v. Conn Appliances, Inc.*, 2 F. Supp. 2d 884 (E.D. Tex. 1997) (applying fluctuating work week despite the fact that the employer paid bonuses ); *Black v. Comdial Corp.*, No. 92-081-C, 1994 WL 70113, *5 (W.D. Va. Feb. 15, 1994) ("The provision of bonus pay for hours 45-61 changes neither the salary basis of his pay, nor the applicability of the fluctuating workweek method. . .") *Rau v. Darling's Drug Store, Inc.*, 388 F. Supp. 877, 884-86 (D.C. Pa. 1975); *Spring v. Wash. Glass Co.*, 153 F. Supp. 312 (D.C.

Pa. 1957).[2]  The Court is not persuaded that it should alter its conclusion based on the Department of Labor's explanation of its decision not to amend section 778.114.

**B.       New Evidence that Some Plaintiffs Were Entitled to Nondiscretionary Bonuses**

The plaintiffs also ask the Court to reconsider its order on the basis that there is evidence that bonuses paid to the plaintiffs were nondiscretionary.  The plaintiffs admit that they referred to the bonuses as discretionary in their previous filings, but they contend that a careful review of the evidence reveals a question of fact as to whether the bonuses were discretionary or nondiscretionary.  The plaintiffs argue that, if the bonuses were nondiscretionary, then the fluctuating work week method for calculating damages cannot be used.

When the parties briefed Frac Tech's motion for partial summary judgment on this issue, little attention was paid to the issue of whether the bonuses were discretionary.  Frac Tech made no mention of bonuses in its opening brief or its statement of undisputed material facts.  Frac Tech attached to its motion six answers to interrogatories regarding damages in which the plaintiffs made no reference to any bonuses but calculated their regular rate of pay by dividing their salaries by forty hours per week.  Documents #238-1 to 238-6, Exs. A to F.  Although Frac Tech attached interrogatory answers from only six plaintiffs to its motion on this issue, Frac Tech represented that all of the interrogatory answers concerning damages were the same in that respect—all of them

---

[2] The decisions cited by the Department of Labor—in support of its position that *Missel*'s method of calculating damages is irreconcilable with the payment of any bonuses—do not support the Department's sweeping conclusion.  These cases involved shifting compensation based on the times or dates of the hours worked.  *See O'Brien v. Town of Agawam*, 350 F.3d 279 (1st Cir. 2003) (ten dollar shift differential pay for night shifts); *Dooley v. Liberty Mut. Ins. Co.*, 369 F. Supp. 2d 81 (D. Mass. 2005) (lump-sum pay for working on Saturday); *Ayers v. SGS Control Servs., Inc.*, Nos. 03CIV9078, 06CV7111, 2007 WL 3171342 (S.D.N.Y. Oct. 9, 2007) (increased pay while working at sea or on day off).

calculated damages based using the employee's base salary without including bonuses. In response, the plaintiffs argued that the payment of the bonuses was inconsistent with the use of the fluctuating work week method of computing damages but described the bonuses as "discretionary." Thus, the Court considered it undisputed that the bonuses were discretionary.

Adopting the plaintiffs' present definition of "nondiscretionary bonuses" as "bonuses which the employer contracts, agrees or makes a promise to pay[,]" if Frac Tech's bonuses were nondiscretionary, a fact question might be created as to whether the employment contract provided for the salary to be the entire payment for all hours worked. *See Urnikis-Negro*, 616 F.3d at 674.

The plaintiffs now have provided a letter from Frac Tech to one of the plaintiffs, David Smith, stating that, in exchange "for employment with Frac Tech Services," Frac Tech is "prepared to offer" the plaintiff "$5800 per month" and, additionally, a "$25,000 bonus after 3 calendar years of service" as well as a "Daily Job Bonus when all Quality parameters are achieved 100%." Document #366-2, Ex. B. Frac Tech has responded by citing a portion of the deposition of Daniel Quick, who was Smith's supervisor. Quick testified:

> Q. (BY MS. GREENWOOD) Okay. Did any of these positions – any individuals in these positions – service supervisors, field coordinators or field engineers – express to you that they intended to be paid overtime?
>
> A. No.
>
>                        \* \* \*
>
> Q. (BY MS. GREENWOOD) Did they expect to be paid overtime?
>
> A. No.
>
> Q. Okay. Were these positions . . . allowed additional payments or additional bonuses?
>
> A. Yes.

> Q. They could receive additional bonuses?
>
> A. Yes, bonuses. Yes.
>
> Q. What types of bonuses were they eligible to receive?
>
> A. Job bonuses.
>
> Q. Okay. Are those discretionary?
>
> A. They have criteria.
>
> MR. HOLLEMAN: Objection to leading. You can answer.
>
> A. They have criteria that they have to follow – I mean they have to meet in order to receive them.
>
> Q. (BY MS. GREENWOOD) Okay. Who makes the decision of whether they receive them?
>
> A. There is a list that says what – what – whether they get it or not initially and then it's reviewed by the operations manager, the district engineer and the district manager to make sure things are understood, if there were problems with a job and then a decision is made to award or not award the bonus for the stage.
>
> Q. And who makes that decision?
>
> A. A district manager.
>
> Q. Okay.
>
> A. Well, the three of us. We have – how I ran it was that we all had to be in agreement, on the same page with it.

Quick's testimony indicates that the bonuses would be paid if certain criteria were met. He also testified that if there were problems on a job the managers would discuss the situation and decide whether to award the bonuses. This evidence tends to establish that Frac Tech and David Smith entered into an agreement pursuant to which Frac Tech would be obligated to pay bonuses if certain criteria relating to job quality were met. A reasonable jury, interpreting this evidence, could

conclude that Frac Tech was offering a contract by which it would be bound to pay these bonuses whenever the quality criteria were met but that the payment of bonuses was discretionary if some of the quality criteria were not met.

Frac Tech contends that the plaintiffs should be judicially estopped from arguing that any of the bonuses were nondiscretionary. However, the Court declines to apply that equitable doctrine in this case where the plaintiffs' labeling the bonuses in a brief as "discretionary," appears to have been the result of inattention rather than a deliberate effort to gain an advantage. *See Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1049 (8th Cir. 2006). None of the plaintiffs, so far as the record shows, has been asked or has testified as to whether the bonuses were discretionary. *Cf. M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 879 n.14 (8th Cir. 2010). They have answered interrogatories in which they calculated their base rates of pay using their salaries without bonuses, but they did so using forty hours per week as the divisor, which means that they denied that their damages could be calculated by using the fluctuating work week method. Although their brief labeled the bonuses as "discretionary," it also argued that the bonuses precluded application of the fluctuating work week method.

What matters is what the evidence shows, not which labels the plaintiffs may have mistakenly or carelessly used in their briefs. Because an order granting partial summary judgment is viewed as an interlocutory judgment and not a final order, *St. Mary's Heath Ctr. of Jefferson City v. Bowen*, 821 F.2d 493, 497 (8th Cir. 1987), the Court retains the power to revisit its prior order until a final and appealable judgment is entered, *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 990 F.2d 342, 346 (7th Cir. 1993).

The Court never intended to decide whether the bonuses were discretionary. Rather, assuming that they were discretionary, the Court held as a matter of law that the fluctuating work week method of calculating damages applies. The Court still holds that if the bonuses were discretionary as a matter of law the proper method of calculating damages is the fluctuating work week method. On the other hand, if any plaintiff can present evidence to show that the bonuses were not discretionary, as David Smith apparently can, the Court will then consider arguments from both sides as to what the law provides regarding the method of calculating damages.

The plaintiffs' motion for reconsideration of the Court's order as to the application of the fluctuating work week method is GRANTED IN PART and DENIED IN PART. Document #365.

IT IS SO ORDERED this 15th day of June, 2011.

                /s/ J. Leon Holmes
                J. LEON HOLMES
                UNITED STATES DISTRICT JUDGE